Nash,- J.
 

 We perceive no'error in the charge. The only contest between the parties is, as to the time lost. The case sufficiently shows, it was part of the contract, that Dunn, the defendant, should account for the time he should lose. This is evidenced by Dunn’s letter, and is
 
 indeed
 
 admitted by the defence in claiming, that a charge for it was contained in the account filed by Wheeler in Dunn’s suit against him. We are at a loss to perceive, upon what ground the defendant can contend, there is any evidence, that the time lost by Dun-n had constituted any portion of the set off-, claimed by Wheeler in that suit. The only evidence in the case, is the letter of the defendant and the record of the suit in Hertford, It is impossible to read'the former, without seeing at once, that the judgment against Wheeler had been obtained without allowing for the time lost, and in the account filed there is no such charge. We rather agree with the defendant, in his second objection, that for the time lost Dunn was answerable in damages, which, at the time of the trial were unascertained, and could not be given in evidence, as a set off. We think, therefore, the presiding judge was entirely justified in telling the jury, there was no evidence that the charge for the time lost was offered to the jury as a set off on the former trial. We entirely agree
 
 *383
 
 with his Honor, that the letter of Dunn was evidence to the jury of what was due from him for the time lost by him. He says,
 
 “
 
 my account against you for my work was $146, and after deducting what I received,
 
 lost time
 
 and money paid Carter, which amounts to $41 49, besides the $10 received since, my account against you is $95.” This letter is written after the judgment is obtained against Wheeler, in Hertford County Court, and in reply to one .written by him, complaining of the suit, as the defendant in his answer says. We are inclined to think it complained of more than simply being sued for a just debt, and, if exhibited, would have shown that be was also dissatisfied with the amount recovered. Be this as it may, we consider this letter as containing a sufficiently distinct admission, on the part of Dunn, not only as.to his liability to account with Wheeler, for the time he had lost, but also that it had not been allowed him in the previous suit, No other construction can be placed upon it. It further, sufficiently for the plaintiff’s purposes, ascertains the amount due. What therefore might have been, and, for aught that appears to us, was, at the trial of the suit Dunn against Wheeler, unliquidated damages, was no longer so. After the writing of this letter, Dunn had himself made that sufficiently certain, which was before'uncertain, and
 
 indebitatus as-sumpsit
 
 could be maintained for the sum due. That letter was evidence to the jury, that the parties had accounted together and ascertained the sum due from the defendant for the time lost, which the plaintiff had not set off or offered to set off in the former action.
 

 The judgment of the court below is affirmed.
 

 Per Curiam., .Judgment affirmed.